UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Lamar Snipe, # 99360-071, | ) C/A No. 2:10-2739-SB-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mrs. Mildred L. Rivera, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Petitioner is currently incarcerated at FCI-Estill, in Estill, South Carolina.

In February 2003, Petitioner entered into a guilty plea to charges of possession with intent to distribute of crack and powder cocaine and of possessing and using a firearm during a drug trafficking crime. *United States v. Snipe*, No. 2:02-cr-00833-PMD-1 (D.S.C. Feb. 18, 2003) ECF No. 51. A judgment of conviction and sentence was entered on June 24, 2003. *Id.* ECF No. 67. Petitioner filed several unsuccessful post-judgment motions seeking a reduction of his sentence, but he never formerly filed a § 2255 motion. He did file a motion on March 6, 2006

seeking leave to file a § 2255 motion, *Id.* ECF No. 91, but that motion was transferred to the Fourth Circuit Court of Appeals for a ruling. Apparently the Fourth Circuit refused Petitioner's request to file an untimely § 2255 motion because there is no indication that a § 2255 motion was thereafter filed. Instead, the docket discloses that between 2007 and the end of 2009 Petitioner pursued several unsuccessful post-trial motions seeking specific performance of his plea agreement, trying to force the prosecutors to file a Rule 35 motion to reduce his sentence and appeals therefrom, and seeking sentence reductions. *Id.* ECF Nos. 93-145.

In the Petition submitted to this Court in this case, Petitioner invokes 28 U.S.C. § 2241, and asks this Court to vacate his sentence, contending that he is "actually innocent" of the enhanced sentence he received in 2003 when he pled guilty to a count of using and carrying a firearm in relation to a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i). He claims that he is actually innocent of the firearm-related enhanced sentence because the subject weapon belonged to his wife, she had possession of it most of the time, and he only took it and used it in self-defense when he was attacked and shot at by assailants. In support of this contention, Petitioner points to a portion of the transcript of his sentencing hearing, which was held on June 11, 2003. *United States v. Snipe*, No. 2:02-cr-00833-PMD-1. ECF No. 66. On the transcript, Petitioner's legal counsel argues for leniency because the only reason he used the gun was to protect him from person

who were trying to "assassinate him and steal drugs from him . . . ." Pet. 7, ex. A (current case: No. 2:10-cv-02739-SB -RSC. ECF No. 1).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Discussion

By claiming that he is actually innocent of the enhanced sentence he was given on the firearm count to which he pled guilty, Petitioner calls into question the underlying validity of his federal sentence. The Fourth Circuit Court of Appeals recently stated "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Another Circuit Court of Appeals held that "§ 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief

4

available to him under § 2255 is or was inadequate or ineffective. Petitioner has failed to make such a showing.

First, Petitioner did not even file a § 2255 within the time frame in which such filing would be allowed, and he makes no allegation whatsoever about whether or not the remedy, if pursued, would have been effective. Second, the fact that Petitioner did not prevail in his request to file a untimely § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it. See *In re Vial*, 115 F.3d at 1194n.5.

To trigger the "savings clause" of § 2255(e) and proceed under § 2241 with a sentencing challenge such as that asserted in this case, Petitioner would have to show that something more should be considered by the Court than that authorized by § 2255, such as a subsequent change in the law that directly affects the continuing validity of a conviction as contemplated in *In re Jones*, 226 F. 3d 328 (4th Cir. 2000) or new evidence not previously available that shows that Petitioner is not guilty of the charge to which he pled. In *Jones*, the Fourth Circuit held that a § 2241 petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the *conviction*; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the *conduct of which the prisoner was convicted* is deemed *not to be criminal*; and (3) the prisoner cannot satisfy the gate-keeping

provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F. 3d at 333-34 (emphasis added). Petitioner does not cite to any new law as the basis for his § 2241, so the *In re Jones* theory is not involved in this case.

Instead, he attempts to use the theory of actual innocence as a basis for his use of § 2241 to contest his sentence. This attempt must be disallowed, however, because the "evidence" of self-defense in connection with his use and possession of a firearm he posits is not new evidence nor was it previously unavailable to Petitioner. This is shown that the sentencing transcript which discloses that as early as 2003 Petitioner and his counsel were trying to argue for leniency because of the alleged self defense.

Petitioner's claim that his sentence was improperly enhanced due to his firearm usage is insufficient to meet the high threshold for actual innocence claims. Convicted persons argue actual innocence in an attempt to show that their case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted. *See Schlup*

6

v. *Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004)(quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(unpublished opinion, text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). His "self-defense" claim was put forth by his own legal counsel at his sentencing hearing and it cannot be considered "new" at this point, some seven years later. In summary, Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

November 16, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).