IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Lamar Snipe, #99360-071, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 2:10-2739-SB |
| Mrs. Mildred L. Rivera, ) | **ORDER** |
| Respondent. ) | |



This matter is before the Court upon Anthony Lamar Snipe's ("Snipe") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a). In the R&R, which was filed on November 16, 2010, the Magistrate Judge recommends that the Court dismiss Snipe's petition without prejudice and without requiring the Respondent to file a response. Attached to the R&R was a notice advising Snipe of his right to file written objections to the R&R within fourteen days of being served with a copy. On December 9, 2010, Snipe filed objections to the R&R.[2]

## DISCUSSION

In February of 2003, Snipe pleaded guilty to charges of possession with intent to distribute crack and powder cocaine and possession of and using a firearm during a drug

---

[1] It is noted that Snipe filed the instant petition on October 22, 2010, after previously filing another section 2241 petition on October 19, 2010. Snipe named Rivera as a Defendant in both actions.

[2] Although it appears that Snipe's objections were not timely filed, the Court will consider them in the interest of fairness.

trafficking crime. United States v. Snipe, Criminal No. 2:02-cr-00833-PMD-1 (D.S.C. Feb. 18, 2003). It appears that Snipe has filed numerous post-judgment motions seeking a reduction of his sentence, all of which have been denied, but it does not appear that Snipe has ever formally filed a section 2255 motion. In the instant section 2241 petition, Snipe asserts that he has filed a section 2255 motion and that the motion was dismissed on July 13, 2006. However, a review of the record indicates that Snipe actually filed a motion for leave to file a section 2255 motion on March 6, 2006, which was denied and referred to the Fourth Circuit Court of Appeals. On November 3, 2006, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. Between 2007 and 2009, Snipe continued to file motions related to his conviction and sentence, all of which were unsuccessful.

In the instant petition, Snipe claims that he is actually innocent of the enhanced sentence he received when he pleaded guilty to using and carrying a firearm in relation to a drug trafficking crime. Snipe's statement of supporting facts reads as follows, taken verbatim from his petition:

> The defendant was charge with 18 U.S.C. 924(c), for using and carrying a firearm during a relation to a drug crime. The gun that was use in this case was not use for any type of drug purpose, the defendant's wife is the owner of the gun and the gun was register to the defendant's wife, for the purpose of protecting her self and her business. Also the gun in this case was put inside the grocery bag by defendant' wife to be carry in the house and that gun end up being use for self defense. The gun was only use because the defendant was shoot twice by an unknown assailant, and that's when the defendant had to use the gun to defend his self from being shoot again. The defendant was prevented from supporting a self - defense claim. See Attachment and Exhibit A: A copy of the defendant Sentencing Transcript, Exhibit B; A copy of the Search Warrant to for the defendant's wife business.
>
> On the night of November 12, 2001, the defendant Anthony Snipe, went to The People Place Beauty Supplies Store, to pick up his wife (Katrina Snipe)

around and about 8;00 pm. The defendant and his wife enter the car and his wife got into the car with her purse and her gun that she use to protect her self and the store. Then we left the store parking lot around 8;05 pm to head for home, but on the way home, we then stop at Bi-Lo grocery store to buy groceries. Then after we left the grocery store around 8;30 pm., then we had for home, but on our way home we than made another stop at Burger King to get the kids some thing to eat. Then after leaving Burger King, we then head for home and I the defendant pulled up in the drive way, my mother-in-law was sitting on the porch smoking a cigaretta and then my wife (Katrina), before getting out of the car she began putting her purse and the gun that was in a case into the grocery bag. Then as she got out she then grabbed some of the groceries and headed into the house, I the defendant was still sitting in the car awaiting for his wife (Katrina) to return for the rest of the groceries, so that I could leave. So when she did not return I the defendant then got out of the car and grabbed the rest of the groceries to carry in to the house. As I walked on the porch to go into the house, my mother-in-law who was still on the porch finishing her cigarette, she then got up and open the door so that I could enter the house with the groceries in my hands, before entering the house I the defendant then turn around putting my back against the door to let my mother-in-law enter the house first. When I the defendant began walking into the house that is when I the defendant notice someone coming from the side of the house, when I the defendant try to enter the house the unknown assailant then fire one round out of his gun, hitting the defendant in his right lower quadrant and the second round that was fire out of the unknown assailant gun, hit the defendant in his right upper thigh. The defendant then fell on the porch with the groceries still inside his hands and in one of the groceries bag had the defendant's wife gun inside of it and the fun was still in the case. The defendant then took the gun out of the groceries bag and unzip the case and then began firing back at the unknown assailant, and known assailant then ran off and the defendant wife ran to the door to see what had happen and she saw the defendant lying on the porch, she then help drag the defendant into the house and then she called 911.

(Entry 1 at 4-5.)

Federal prisoners must pursue post-conviction relief by filing a motion pursuant to 28 U.S.C. § 2255, but section 2255 contains a "savings clause" that allows federal prisoners to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention. A section 2255 motion is "inadequate or ineffective" when three criteria are met:

(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
(2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In the R&R, the Magistrate Judge determined that Snipe's claim was insufficient to invoke the savings clause of section 2255. As the Magistrate Judge noted, Snipe never filed a timely section 2255 motion, and second, Snipe did not succeed in his request for leave to file an untimely section 2255 motion. Moreover, the evidence upon which Snipe relies to support his claim of actual innocence is in no way new; at his sentencing, Snipe's counsel argued for leniency based on the theory of self defense. Thus, Snipe's actual innocence claim appears facially inadequate because it does not rely on any recently discovered, reliable evidence.

In his objections, Snipe asserts that the Magistrate Judge misconstrued his claim and that he was denied the right to a fair trial because the issue of self defense was never brought to the attention of the grand jury. He also asserts that his trial counsel was ineffective and claims that he is entitled to use the savings clause under section 2255. Lastly, Snipe asks the Court to grant him relief or allow him to file a second 2255 motion.

Here, after review, the Court finds that Snipe's objections are wholly without merit, and the Court agrees with the Magistrate Judge that Snipe's claims are insufficient to invoke the savings clause of section 2255. Accordingly, the Court also agrees with the Magistrate Judge that Snipe cannot proceed with this petition pursuant to section 2241. Therefore, it is hereby

**ORDERED** that the R&R (Entry 5) is adopted in full and incorporated herein; Snipe's objections (Entry 8) are overruled; and this action is dismissed without prejudice and without requiring the Respondent to file a response.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 8, 2011
Charleston, South Carolina